IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                                    Case No.1:08cr32-SPM

JOSE REYES,

       Defendant.
_____/

### ORDER DENYING MOTION FOR BRUTON SEVERANCE

This cause comes before the Court on Defendant Jose Reyes' "Motion to Sever Defendants" (doc. 149) and the Government's response (doc. 158). Defendant contends that a severance is required under Bruton v. United States 391 U.S. 123 (1968), because at trial the Government will introduce statements of co-defendant Julio Rodriguez that identify Defendant Reyes as a person who had contact with a house in which the Government discovered a marijuana grow operation. Defendant Reyes believes that because he may not have an opportunity to cross-examine Defendant Rodriguez, Reyes' Sixth Amendment right to confront witnesses will be violated.

Generally, defendants indicted together should be tried together, particularly in conspiracy cases. See United States v. Smith, 918 F.2d 1551, 1559 (11th Cir. 1990). If it appears that a defendant is prejudiced by a joint trial

with his co-defendants, however, the district court may sever the trial of co-defendants or grant whatever other relief justice requires.  See Fed. R. Crim. P. 14.  "To justify severance, the defendant must demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense."  United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999) (citation and internal quotations omitted).

Under Bruton, severance is necessary where the government seeks to introduce a statement of a non-testifying defendant that incriminates the co-defendant and where a limiting instruction would be ineffective to prevent a violation of the codefendant's constitutional rights of confrontation and cross-examination.  United States v. Costa, 31 F.3d 1073, 1076 (11th Cir. 1994).  The statement from the non-testifying defendant is incriminating "if it expressly implicates the defendant."  United States v. Arias-Izquierdo, 449 F.3d 1168, 1184 (11th Cir. 2006).

While it is doubtful that Rodriguez's statement by itself meets this standard, in conjunction with other evidence, the statement could incriminate Reyes and violate the rule articulated in Bruton.  Because there is additional evidence from law enforcement that Reyes had been inside the house, the use of Rodriguez's statement would create a direct connection between the two statements.  This type of connection without the benefit of cross-examination would violate Defendant Reyes' Sixth Amendment right to confront witnesses

2

against him.  United States v. Beale, 921 F.2d 1412, 1425 (11th Cir.1991) (the more direct the connection between the co-Defendant's incriminating statement and the other testimony about the same occurrence, the more likely the incriminating statement violates Bruton).  See also United States v. Petit, 841 F.2d 1546, 1556 (11th Cir. 1988) (the incriminating statement can result in a Bruton violation even if it only "sufficiently inculpated" the defendant and did not "directly implicate" the defendant).

In addition to the Bruton problem, it is doubtful that Rodriguez's statement can be introduced at trial. Although Rodriguez's statements may be admissible against Rodriguez under Federal Evidence Rule 801(d)(2), Rodriguez's statements would be hearsay as applied to Reyes.  Furthermore, the statement has little probative value in the Government's case against Rodriguez and would likely be excluded.

Though there may be Bruton problems with the statement, these problems do not result in a showing that a joint trial will violate Defendant Reyes's Sixth Amendment right of confrontation.  Nor has Defendant shown that Rodriguez's statement will result in specific and compelling prejudice to the conduct of Reyes' defense.  However, in the interests of justice, the Court will instruct the Government not to introduce or allow their witnesses to introduce the statement of Defendant Rodriguez that indicates that Defendant Reyes had been seen inside the home that contained the marijuana grow operation.   When evidence

that causes a <u>Bruton</u> problem is excluded, then severance of the Defendants is not required. <u>Gray v. Md.</u>, 523 U.S. 185, 193 (1998) (holding that redaction of the portion of the statement that "powerfully incriminates" the co-defendant is a sufficient alternative to severance); <u>United States v. Taylor</u>, 186 F.3d 1332, 1336 (11th Cir. 1999) ("[A]dmission of a co-defendant's statement that contains neutral pronouns does not violate the Confrontation Clause so long as the statement does not compel a direct implication of the defendant's guilt.")  Therefore, in order to avoid a finding that severance is required, in the event that Defendant Rodriguez's statement is introduced at trial, the Government witnesses must not mention Defendant Reyes' name.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Reyes' "Motion to Sever Defendants" (doc. 149) is ***denied***.  The Government, directly or through its witnesses, shall make no mention of defendant Reyes' name as the person Rodriguez identified at the grow house.

DONE AND ORDERED this <u>tenth</u> day of February, 2009.

    *s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

4